FILED

14 APR 16 PM 3:37

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK L. MATCHYNSKI, JR.,<br><br>Plaintiff,<br>vs.<br><br>OCWEN LOAN SERVICING, et al.<br><br>Defendants. | CASE NO. 13-CV-1915-BEN (JLB)<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>[Docket Nos. 39, 40, 41] |

On August 19, 2013, Plaintiff Mark L. Matchynski commenced this foreclosure-related action by filing a Complaint. On January 16, 2014, this Court granted a Motion to Dismiss this case in its entirety without prejudice. (Docket No. 37). On February 3, 2014, Plaintiff filed a First Amended Complaint (FAC). (Docket No. 38).

Before this Court are three Motions to Dismiss filed by Defendant Pacific City Bank (Docket No. 39), Defendant Advantage Title (Docket No. 40), and Defendants Federal National Mortgage Association, Mortgage Electronic Registration System Inc. (MERS), and Ocwen Loan Servicing (Ocwen). (Docket No. 41). For the reasons stated below, the Motions to Dismiss are **GRANTED** and this Complaint is **DISMISSED WITH PREJUDICE** in its entirety.

### BACKGROUND

According to the FAC, Plaintiff owns property in San Diego, California ("Subject Property"). He alleges that he tendered a promissory note to a corporate bank

in exchange for a "bank check note." (FAC ¶ 13). He states that he transferred all "ownership, equity, and rights" in the property to the "MM Balboa Arms Trust" on March 12, 2013, with Plaintiff as trustee. (*Id.* ¶¶ 16-17).

Plaintiff alleges that he sent a letter to Ocwen Loan Servicing on July 15, 2013, in which he asked to inspect his original promissory note. (*Id.* ¶ 18). He states that they replied by sending a copy of the original note. (*Id.* ¶ 19). He alleges that Ocwen cannot produce the original note because they collateralized it or "cashed it like a check" at the Federal Reserve Bank. (*Id.* ¶ 20). He contends that they are required to produce the note, and do not qualify for any exceptions to that rule under the Uniform Commercial Code. (*Id.*)

Plaintiff states that on December 19, 2013, he sent a "Qualified Written Request" (QWR) to Ocwen and Federal National Mortgage Association (FNMA). (*Id.* ¶ 21). Ocwen allegedly provided an "improper" response on December 26, 2013, asserting that it had been determined that he did not submit a proper QWR under RESPA guidelines, and that Ocwen was not required to comply with QWR timelines. (*Id.* ¶ 22). FNMA has not responded. (*Id.* ¶ 24). Plaintiff states that he sent a second QWR to Ocwen on January 22, 2014, but the has not received a response. (*Id.* ¶¶ 23, 25). Plaintiff states that a servicer is required to provide the information requested or explain why the information is unavailable or cannot be obtained. (*Id.* ¶ 27).

Plaintiff also claims that his original mortgage note and deed of trust are void ab initio because no lawful money was lent in consideration for them, reiterating claims raised in his original complaint about banks impermissibly lending credit. (*Id.* ¶ 29; *see* Compl.)

In the FAC, Plaintiff asserts violations of Real Estate Settlement Procedures Act (RESPA), reasserts his quiet title cause of action, and requests a permanent injunction.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court may grant a

motion to dismiss if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

## DISCUSSION

### A. Plaintiff Fails to State a Claim for a RESPA Violation

Plaintiff claims that Defendants Ocwen and FNMA did not properly respond to his QWR letters of December 19 and January 22. (*Id.* ¶¶ 31, 32). No other Defendants were named in the cause of action. (*See* FAC; Docket Nos. 43, 44, 45). RESPA claims were not alleged in the previous complaint.

RESPA requires a servicer of a federally related mortgage loan to respond to a "qualified written request" from a borrower. 12 U.S.C. § 2605(e). A "qualified written request" is:

> written correspondence, other than a notice on a payment coupon or other payment medium supported by the servicer, that —
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."

12 U.S.C. § 2605(e)(1)(B). The servicer then has five days, excluding weekends and holidays, to notify the borrower that it received the QWR. 12 U.S.C. § 2605(e)(1)(A). The servicer has 30 days, excluding weekends and holidays, to either (1) "make appropriate correction in the account," or (2) "after conducting an investigation,

provide the borrower with a written explanation and clarification" as to why the servicer believes the borrower's account is correct, or (3) "after conducting an investigation, provide the borrower with a written explanation and clarification" that explain why the information requested in unavailable or cannot be obtained. 12 U.S.C. § 2605(e)(2).

To state a claim for a RESPA violation, a plaintiff must "specifically allege [he] sent, or Defendants received, a specific, written correspondence meeting RESPA's QWR requirements." *Ros v. Deutsche Bank Nat. Trust Co.*, No. 12-cv-1929, 2013 WL 3288563, at *7 (S.D. Cal. June 28, 2013) (citation omitted). RESPA applies to requests related to loan servicing, not to loan ownership or validity. *Id.* Under the statute, "servicing" is defined to mean "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . ." 12 U.S.C. § 2605(i)(2),(3).

This Court has reviewed the contents of the letters and determined that the letters are not QWRs under the statute. It is clear that Plaintiff was disputing loan ownership and validity. He states that "Specifically, I am disputing a) the identity of a true secured lender/creditor, and b) the existence of debt, and c) your authority and capacity to collect on behalf of the alleged lender/creditor." (RJN[1] at 110). Plaintiff's FAC includes as an exhibit the list of questions posed in the letters, none of which relate to the *servicing* of the loan. (FAC ¶¶ 21, 23; Ex. B). As the letters are not QWRs under RESPA, Defendants Ocwen and FNMA had no obligation under RESPA to respond to Plaintiff's letter and are not liable for damages under RESPA.

Plaintiff's RESPA claims are therefore **DISMISSED WITH PREJUDICE**.

B. Plaintiff Fails to State a Quiet Title Claim

Plaintiff asserts a quiet title claim against Ocwen, FNMA, MERS, and "all persons unknown, claiming any legal or equitable rights, title, estate, lien, or interest

---

[1] Plaintiff did not oppose the Request for Judicial Notice. Review of the document reveals that it is appropriate for judicial notice. The request is therefore **GRANTED**.

in the property . . . adverse to Plaintiff's title, or any cloud on Plaintiff's title." (FAC at 8). He states that he has a valid secured interest in the property which was obtained through "actual labor," and is thus a higher priority lien than any mortgage liens. (*Id.* ¶ 35). He claims that Pacific City Bank cashed his promissory note at the Federal Reserve Bank for credit on account or newly created credit. (*Id.* ¶ 36). He claims that Pacific City Bank did not provide access to funds as required by GAAP practices. (*Id.* ¶ 37). He alleges that Pacific City Bank and FNMA have not proved that they lent any money. (*Id.* ¶ 42). He also argues that FNMA is the alleged owner of the original note, but that FNMA is a dissolved entity. (*Id.* ¶ 43).

He claims that the MM Balboa Arms Trust is the legal owner of the Subject Property, and that none of the Defendants, or their successors or assignees, have any right to title or interest in the Subject Property, and have no right "to entertain any right of ownership including rights to possession." (*Id.* ¶¶ 39-40). He seeks a declaration that title is vested in the MM Balboa Arms Trust, that the Defendants "have no interest estate, right, title or interest in the Subject Property." (*Id.* ¶ 41).

### 1. Plaintiff Fails to Properly Allege Tender

This Court previously dismissed Plantiff's quiet title claim, in part, because Plaintiff failed to allege tender. Careful review of Plaintiff's claims reveals that he has not cured the defects.

In an action for quiet title, a mortgagor is required to allege tender or the ability to tender the amounts borrowed. *E.g., Horton v. Cal. Credit Corp. Retirement Plan*, 835 F. Supp. 2d 879, 893 (S.D. Cal. 2011) (citing *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477-78 (1974) ("The cloud upon his title persists until the debt is paid") (citations omitted)). California Civil Code § 1485 provides that "an obligation is extinguished by an offer of performance, made in conformity to the rules herein prescribed, and with intent to extinguish the obligation." CAL. CIV. CODE § 1485. In order for the offer to be valid, it must be made in good faith, unconditional, offer full performance, and the

offeror must able to perform. *U.S. Bank Nat'l Ass'n v. Friedrichs*, 924 F. Supp. 2d 1179, 1186 (S.D. Cal. 2013) (citing CAL. CIV. CODE §§ 1486, 1493, 1494, 1495); *see also Still v. Plaza Marina Comm. Corp.*, 21 Cal. App. 3d 378, 385 (5th Dist. 1971).

Review of the FAC indicates that Plaintiff still has not alleged that he has actually transferred any money to pay the debt, that he has validly attempted to tender payment of the debt, or that he is capable of paying the debt. He also does not demonstrate that he is entitled to any exceptions to the tender rule.

### 2. Plaintiff's Challenge to Defendants' Authority to Foreclose

Plaintiff's quiet title claim is based on his efforts to challenge the authority of Defendants to exercise any interest in the Subject Property. As this Court informed Plaintiff in its January 16 Order, Plaintiff cannot bring an action to require the foreclosing party to demonstrate its authority to foreclose in court. Plaintiff must provide some specific factual basis for his claim that any defendant lacks authority. *See Silga v. Mortg. Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 84-85 (2d Dist. 2013) (citations omitted). Similarly, Plaintiff cannot state a cause of action by implying that there is no proper chain of title, or that a note was not properly transferred or assigned, without providing some basis from which this Court could conclude that this is more than speculation. *See Iqbal*, 556 U.S. at 678; *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155-56 (2011) (no judicial action to test whether person initiating foreclosure has authority to do so, where no specific factual basis was asserted for alleging that foreclosure was initiated by the wrong party).

Careful review of the FAC and Plaintiff's Oppositions reveals that Plaintiff has not alleged facts from which this Court could infer that any Defendant lacked authority for their actions. Plaintiff restates several theories of liability that appeared in his original Complaint, including the failure to prove that money was lent and allegations of improper assignments. This Court has examined the allegations and briefing, and

has determined that these theories must be rejected for the reasons stated in the January 16 Order.

Plaintiff also suggests several new theories, which must also fail. Plaintiff claims to have a superior lien on the Subject Property based on his actual labor, but provides no authority for the notion that "actual labor" gives him a claim superior to a mortgage lien. He cannot seek relief on this basis. Plaintiff conclusorily alleges that Pacific City Bank has "cashed in" his promissory note with the Federal Reserve. Plaintiff fails to allege any facts from which the Court could infer that this is anything other than speculation on Plaintiff's part. Plaintiff also states that the original owner of the note, FNMA, is a dissolved entity. Plaintiff does not state the relevance of this allegation in his pleading, and provides no argument to suggest that the dissolution leaves any defendant without an interest in the property.

As review of all of Plaintiff's pleadings and filings reveals that he does not sufficiently allege facts from which this Court can conclude that Defendants lack their claimed authority, Plaintiff's claim for quiet title must fail. Plaintiff has filed two complaints and discussed his arguments in six opposition briefs. Despite this Court's efforts to specifically identify the problems in Plaintiff's original Complaint, the First Amended Complaint does not cure the defects. Plaintiff does not assert any additional facts in his briefing that would allow him to state a claim. Indeed, it is apparent from the briefing that Plaintiff *cannot* allege any additional facts, and is hoping to be allowed discovery in the hope that he will obtain them. He presents no basis from which this Court could conclude that such efforts might yield any evidence to support his claims. Plaintiff's cause of action for quiet title is therefore **DISMISSED WITH PREJUDICE** and Plaintiff is denied leave to amend. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied for repeated failure to cure deficiencies by previous amendments or futility of amendment).

///

### C. Plaintiff Cannot State a Fair Debt Collection Practices Act (FDCPA) Claim

Plaintiff argues in his opposition briefing that Ocwen committed a FDCPA violation. Despite having several opportunities to assert his claims, Plaintiff did not allege an FDCPA violation in either his original or amended complaint. He cannot do so in his opposition brief.

### D. Plaintiff Fails to State a Claim for Injunctive Relief

Plaintiff seeks a permanent injunction against the defendants, enjoining and restraining them from attempting to harass, foreclose, or take any other action against Plaintiff with regard to the subject matter of this suit. (FAC ¶ 46). As Plaintiff's causes of action have been dismissed, the relief that he seeks cannot be granted.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** in its entirety. As it is apparent that Plaintiff cannot allege additional facts that will enable him to state a claim upon which relief can be granted, Plaintiff does not have leave to amend. The Clerk of the Court may close the case.

**IT IS SO ORDERED.**

Date: April 16, 2014

HON. ROGER T. BENITEZ
United States District Judge